IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CRAIG STREET, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION  08-0030-KD-C |
| | ) |
| DRURY INNS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on plaintiff's motion to remand and the response filed by defendant, Drury Inns, Inc. (docs.6, 8).  Upon consideration of the pleadings and for the reasons set forth herein, plaintiff's motion to remand is **GRANTED** and this case is remanded to the Circuit Court of Mobile County, Alabama.

   I. Background

Plaintiff Street filed his complaint in the Circuit Court of Mobile County, Alabama wherein he alleges that he slipped and fell at Drury Inn and tore his rotator cuff.  He brings claims of negligence and wantonness against Drury Inn and seeks compensatory and punitive damages but did claim a specific amount in his ad damnum clause.  Drury Inn removed on basis of diversity and alleges that the amount in controversy exceeds $75,000.  Drury argues on removal that because Street claims negligence and wantonness and seeks punitive damages in addition to compensatory damages, the amount in controversy would exceed $75,000, if Street prevailed on his claims, and thus removal is proper.  On motion to remand, Street argues that the inquiry is limited to the removal documents and asserts that there is no evidence on the face of the complaint or in the notice of removal to support Drury's argument; therefore, since the court

cannot speculate or guess as to the value of Street's claims, Drury has failed to meet it burden of establishing jurisdiction by a preponderance of the evidence.  In its response, Drury asserts that it has met its burden because similar cases have produced jury verdicts in excess of the jurisdictional amount and because common knowledge shows that the type of injury Street incurred would result in damages in excess of the jurisdictional amount.

      II.  Statement of the Law

"[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the ... jurisdictional amount." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), overruled on other grounds, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).  "Though the defendant in a diversity case, unlike the plaintiff, may have no actual knowledge of the value of the claims, the defendant is not excused from the duty to show by fact, and not mere conclusory allegation, that federal jurisdiction exists." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1217 (11th Cir. 2007).  To reach its decision, "the district court has before it only the limited universe of evidence available when the motion to remand is filed -i.e., the notice of removal and accompanying documents.  If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." *Lowery*, 483 F. 3d at 1214-1215.  Therefore, "[i]f the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction.  If not, the court must remand." *Lowery*, 483 F.3d at 1217; *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001)  ("When the complaint does not claim a

specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.")  Moreover, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly" and "all doubts about jurisdiction should be resolved in favor of remand to state court." *University of South Alabama v. The American Tobacco Company*, 168 F.3d 405, 411 (11th Cir. 1999) citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S.Ct. 868, 872 (1941).

    III.  Analysis

Because the court may only consider only the "limited universe" of the removal documents, the representative information regarding damage awards in other purportedly similar cases are insufficient for Drury to establish the amount in controversy. *Lowery*, 483 F.3d at 1220-21 ("The additional 'evidence' contained in the supplement likewise fails to support the defendants' contention that the district court had jurisdiction over this action. First, we note that this evidence regarding the value of other tort claims was not received from the plaintiffs, but rather was gathered from outside sources. As such, the evidence is not of the sort contemplated by § 1446(b).  Even if the defendants had received the evidence of other suits from the plaintiffs, we question whether such general evidence is ever of much use in establishing the value of claims in any one particular suit. . . .").

Also, despite the argument that "we know" the value of a torn rotator cuff injury to be greater than $75,000, the court does not know and Drury has failed to present any facts from the removal documents from which the court could gain such knowledge.  The Court of Appeals for the Eleventh Circuit has stated that the court has jurisdiction "[i]f the jurisdictional amount is . . .

readily deducible" from the removal documents. *Lowery*, 483 F.3d at 1217. However, this is not such a case where the court can readily deduce, i.e., know, from the removal documents that the amount in controversy will more likely than not exceed the jurisdictional amount. In his complaint, Street claims compensatory and punitive damages for negligence and wantonness on the part of Drury which caused his injury but he does not specify an amount in his ad damnum clause. From this pleading, the court cannot readily deduce that Street's damages for personal injury, lost wages, medical expenses, etc, are sufficient to meet the jurisdictional amount. As far as the court "knows", Street may not have incurred extensive medical expense or Street may not have missed very many days of work or may have worked at a low-paying job.

Also, in the notice of removal, Drury states that "Street claims entitlement to damages for personal injury resulting in surgery, past, present medical and surgical, rehabilitative, and physical therapy expenses, lost wages, physical and emotional pain and suffering" and that Street alleges that Drury was negligent and wanton and seeks punitive damages. However, this conclusory statement is not sufficient. *See Channell v. Nutrition Distribution, LLC,* 2008 WL 220934 (M.D. Ala. January 25, 2008) (finding that the "conclusory allegations in the notice of removal - - that Channell was caused to suffer serious life-threatening injuries, including, but not limited to, liver failure, . . . that he has suffered injuries from which he will continue to suffer in the future . . . and that he seeks an amount of punitive damages, . . . are therefore insufficient.") (internal quotations and citations omitted)

Since the value of the claim is not readily deducible from the face of the pleadings, the court cannot speculate or guess as to the value of Street's claims. *See Lowery,* 483 F. 3d at 1214 n.63 (noting that it is "highly questionable whether a defendant could ever file a notice of

removal on diversity grounds in a case . . . where the defendant, the party with the burden of proof, has only bare pleadings containing unspecified damages on which to base its notice."). Therefore, construing the removal statute strictly and resolving all doubts in favor of remand, as the court is required to do, *see University of South Alabama,* 168 F.3d at 411, the court finds that Drury has failed to meet its burden of proving by a preponderance of the evidence that Street's claim meets the jurisdictional requirement.

    IV.  Conclusion

    Therefore, upon consideration of plaintiffs' motion to remand and defendants' response, the Court resolves the uncertainties as to the jurisdiction in favor of remand, and finds that it lacks jurisdiction over this matter.  Accordingly, plaintiffs' motion to remand (doc. 6) is **GRANTED** and this case is remanded to the Circuit Court of Mobile County, Alabama.

    **DONE** this the 14th day of March, 2008.

                                    **s / Kristi K. DuBose**
                                    **KRISTI K.  DuBOSE**
                                    **UNITED STATES DISTRICT JUDGE**